J-S92007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY ARTHUR NICHOLS, | |
| Appellant | No. 19 WDA 2016 |

Appeal from the Judgment of Sentence December 1, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011203-2008

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 20, 2017**

Appellant, Timothy Arthur Nichols, appeals from the judgment of sentence entered following the revocation of his probation.  We affirm.

The trial court set forth the procedural history of this case as follows:

> On July 7, 2008, Appellant, Timothy Nichols, was charged with Conspiracy/Forgery, Theft by Unlawful Taking and Receiving Stolen Property.  On July[] 21, 2009, Appellant entered a negotiated guilty plea before this Court and was sentenced to 11.5 to 23 months incarceration and three years [of] consecutive probation.  This Court resentenced him to three years [of] probation on October 9, 2012 after finding he had violated probation.  On January 13, 2015, Appellant again violated probation and this Court reimposed its sentence of three years [of] probation.  On December 1, 2015, this Court found Appellant to have violated probation and resentenced him to four to eight years [of] incarceration.  Appellant's Post Sentence Motion was denied on December 10, 2015.

---

[*]  Retired Senior Judge assigned to the Superior Court.

Trial Court Opinion, 5/18/16, at 2. This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

I. WAS THE SENTENCE OF 4 TO 8 YEARS OF INCARCERATION MANIFESTLY EXCESSIVE AND AN ABUSE OF DISCRETION WHERE THE TRIAL COURT DID NOT CONSIDER THE SUFFICIENCY OF SANCTIONS ALRERADY [sic] IMPOSED AND THE AVAILABILITY OF COMMUNITY-BASED RESOURCES TO ADDRESS MR. NICHOLS' SERIOUS REHABILITATIVE NEEDS?

Appellant's Brief at 4.

Appellant's sole issue challenges the discretionary aspects of his sentence. Appellant's Brief at 13-14. Specifically, Appellant contends that the trial court failed to properly consider Appellant's rehabilitative needs when it imposed a sentence of incarceration.

As this Court clarified in **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), our scope of review following the revocation of probation is not limited solely to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, 83 A.3d at 1034. Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which,

absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Sierra*, 752 A.2d at 912-913.

Herein, the first three requirements of the four-part test are met, those being that Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Appellant argues in his Pa.R.A.P. 2119(f) statement that the trial court abused its discretion by imposing a sentence following the revocation of probation that was unduly excessive and by failing to consider his rehabilitative needs. Appellant's Brief at 10-12. Essentially, Appellant asserts that the sentencing court failed to properly consider factors set forth under 42 Pa.C.S. § 9721(b).[1] Thus, we conclude that in this instance, Appellant has raised a substantial question. *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to consider the factors set forth in 42 Pa.C.S. § 9721(b)). Nevertheless, we

_____

[1] The factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public and rehabilitative needs of the defendant. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006).

- 4 -

conclude that Appellant is entitled to no relief on his claim, as the record reveals that the court properly considered Appellant's rehabilitative needs in fashioning the sentence.

Again, we are mindful of our standard of review, which is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Sierra*, 752 A.2d at 913 (citations and quotation marks omitted).

With regard to our review of a sentence imposed following the revocation of probation, we observe that, "[p]ursuant to 42 Pa.C.S. § 9771(b), when a defendant is found in violation of his probation, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." *Commonwealth v. Crump*, 995 A.2d 1280, 1284 (Pa. Super. 2010). When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771(c) and 42 Pa.C.S. § 9721(b). *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006). Pursuant to Section 9771(c), a court may sentence a defendant to total confinement after a revocation of probation if one of the following conditions exists:

1.    the defendant has been convicted of another crime; or

2.    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

3.    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c); **Commonwealth v. Coolbaugh**, 770 A.2d 788 (Pa. Super. 2001).

A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. **Commonwealth v. Malovich**, 903 A.2d 1247, 1253 (Pa. Super. 2006). **See also Commonwealth v. Fish**, 752 A.2d 921, 924 (Pa. Super. 2000) (reiterating that although a court is required to explain its reasons for imposing sentence, it need not specifically cite or include the language of the sentencing code; it must only demonstrate that the court had considered the factors specified in the code.).

Appellant argues that the sentence of incarceration that he was ordered to serve, which is within the statutory maximum, was not appropriate under the Sentencing Code.  In effect, Appellant contends that the sentence failed to provide for the treatment needed to address Appellant's substance abuse issues.

Our review of the record reflects that at the time of sentencing, the court indicated that it had an updated presentence report that had been completed on November 30, 2015, the day before Appellant's probation violation hearing and sentencing. N.T., 12/1/15, at 2. The presentence report had been reviewed by Appellant and defense counsel, and no additions or corrections were requested or necessary. *Id*. Also, our review of the record reflects that the court summarized the pertinent history as follows:

> The primary issues here are that [Appellant] claims that he wants help for his addiction, and yet he doesn't comply with the JRS[2] plan to get the help he needs.
>
> He was released from the county jail on February 26th, 2015, to reside at CORE,[3] through JRS, for a maximum of six months.
>
> He was behaviorally discharged three days later for allegedly assaulting another inmate. He then began testing positive for heroin, cocaine, marijuana, benzodiazepine, and we detained him after that.

*Id*. at 2-3.

The court also heard from Appellant's counsel, who offered mitigating arguments on Appellant's behalf, discussed Appellant's need for additional treatment, and suggested that an appropriate option was to incarcerate Appellant in the county jail. N.T., 12/1/15, at 3-5. The record further

---

[2] "JRS" refers to Justice Related Services.

[3] "CORE" refers to Capitalizing on Recovery Environment.

reflects that the court heard Appellant's explanation for failure to comply with, and complete, various rehabilitative programs and his request for leniency. *Id*. at 5-6.

In addition, prior to revoking Appellant's probation and imposing a sentence of incarceration, the trial court made the following comments regarding Appellant's attempts at rehabilitation:

> You failed Mental Health Court. You failed Renewal. You failed prior JRS plans and refused prior JRS plans. And I told you back then, if you failed after completing Re-entry, that you wouldn't get any more chances, and then I did give you another chance. And at this point in time, I just -- You know, actions speak louder than words. You know, you have had zero tolerance with me a couple of times. So I can't see any other option than to sentence you to a period of state incarceration, and hope that incarceration at the state level will provide you with other options. That's all I got left.

N.T., 12/1/15, at 6-7.

In explaining the reasons for the sentence imposed, the trial court offered the following discussion:

> This Court, at Appellant's third probation violation hearing on December 1, 2015, noted that Appellant had failed out of Mental Health Court. (VT 7) He failed at Renewal. *Id*. He failed prior JRS plans and refused other JRS plans. *Id*. Lastly, he failed his reentry plane [sic] at CORE by assaulting another resident. *Id*. In all, Appellant failed approximately eight programs[3] designed to assist him in his rehabilitation. As Appellant is either unwilling or unable to address his need for rehabilitation and treatment, and his ongoing behavior demonstrates the community's need to be protected from him, this Court determined that incarceration was necessary both because his conduct indicated that it is likely that he will commit another crime if he is not imprisoned and to vindicate the authority of the Court. The sentence imposed reflects this Court's determination that the community's need to be protected from Appellant and that his treatment needs cannot

be met within the county or with short-term programs. Thus, this Court did not err in imposing four to eight years [of] incarceration.

> [3] For a fuller exposition on Appellant's extensive treatment history, his failures at various treatment programs, and this Court's stern warnings regarding future consequences of Appellant's aberrant behavior, this Court would refer to the transcripts of prior probation violation hearings. A detailed accounting of Appellant's multiple failed attempts at rehabilitation is contained in the 11/30/15 Pre-Sentence Report.

Trial Court Opinion, 5/18/16, at 5-6 (certain footnotes omitted).

Upon review, we discern no abuse of discretion. The court carefully considered the appropriate factors, including Appellant's history and need for rehabilitation and treatment, when it imposed the prison sentence following revocation. Accordingly, Appellant is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/20/2017